## McDONALD v. UNITED STATES.

(Circuit Court, D. Montana. November, 19, 1894.)

### No. 280.

1. SUITS AGAINST THE UNITED STATES—DUTY OF COURT TO EXAMINE EVIDENCE.
    It seems that, under the act to provide for bringing suits against the United States (Supp. Rev. St. p. 559), it is the duty of a court before which such a suit is brought to examine into the evidence to sustain the claim, even if the pleading interposed by the district attorney on behalf of the government presents no defense.

2. SAME.
    Upon consideration of the evidence presented in support of a claim against the United States for salary as a clerk in the office of a district attorney from March 12, 1891, to December 31, 1892, *held*, that the claimant was not employed after December 31, 1891.

George F. Shelton and J. A. Carter, for plaintiff.
Preston H. Leslie, for the United States.

KNOWLES, District Judge. This is an action on the part of the petitioner, against the United States, to recover the sum of $2,737.50. In an act entitled "An act to provide for the bringing of suits against the government of the United States" (Supp. Rev. St. U. S. p. 559), it is provided—

"That the court of claims shall have jurisdiction to hear and determine the following matters: First. All claims founded upon the constitution of the United States or any law of congress, except for pensions, or upon any regulation of an executive department, or upon any contract express or implied with the government of the United States, or for damages liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity or admiralty, if the United States were suable."

Section 2 of said act provides—

"That the district courts of the United States shall have concurrent jurisdiction with the court of claims as to all matters named in the preceding section where the amount of the claim does not exceed one thousand dollars, and the circuit courts of the United States shall have such concurrent jurisdiction in all cases where the amount of such claims exceeds one thousand dollars and does not exceed ten thousand dollars. All causes brought and tried under the provisions of this act shall be tried by the court without a jury."

In proceeding in the district and circuit courts under this act, they—

"Shall be governed by the law now in force in so far as the same is applicable and not inconsistent with the provisions of this act, and the course of procedure shall be in accordance with the established rules of said respective courts and of such additions and modifications thereof as said courts may adopt."

In his petition the plaintiff sets forth—

"That his claim is for clerical services in the office of the United States attorney for the district of Montana, all in the years 1891 and 1892; that, pursuant to authority from the attorney general of the United States therefor, plaintiff began said services on or about the 12th day of March, 1891, under an appointment by the said United States district attorney, at an annual salary of fifteen hundred dollars, and continued said services, under said appointment, and at the request of said attorney general and the said United States, up to and including the 31st day of December, 1891."

In the answer of the United States, filed by United States District Attorney Weed, the United States admits that, by authority of the attorney general of the United States, plaintiff performed certain clerical services in the office of the United States district attorney for said district, commencing on or about the 12th day of March, A. D. 1891, at an annual salary of $1,500, and continuing said services up to the 1st day of December, A. D. 1891, and not longer.

There would not appear, considering the ordinary rules of pleading, that there was any issue of fact to be tried upon the issue here presented.

The ground for the second claim is thus set forth in the petition:

"That, pursuant to authority from the said attorney general therefor, plaintiff continued in said services from January 1, 1892, to December 31, 1892, both dates inclusive, under an appointment by the said attorney general and the said United States district attorney, and at an annual salary of fifteen hundred dollars, for services as a clerk in the office of the said United States district attorney, no part of which has been paid."

Instead of meeting this allegation by a direct denial, the United States attorney sets forth this affirmative matter:

"Defendant, by its said attorney for the district aforesaid, who appears for and on behalf of the defendant in this action, alleges that on said 1st day of December, A. D. 1891, the said plaintiff, John M. McDonald, was duly appointed by the attorney general of the United States as assistant United States district attorney for said district, at a salary of twelve hundred ($1,200) dollars per annum, and alleges that said appointment at the annual salary of twelve hundred ($1,200) dollars continued from said 1st day of December, A. D. 1891, up to the 1st day of January, A. D. 1893, when said appointment and term of service as said assistant United States district attorney for the district of Montana, at the compensation aforesaid, was terminated by direction of the attorney general of the United States."

While these allegations in the answer do not meet the issue presented in the petition directly, I think they were intended to do so indirectly. That is, it was sought to allege matter which would be inconsistent with the allegations in the petition. As a matter of fact, however, there is not any incompatibility in plaintiff holding both the position of clerk in the office of the United States district attorney and that of assistant to the said attorney. Neither office

has a salary of $2,500 per annum attached thereto. Section 6 of the aforesaid act, giving jurisdiction in such cases as this to the circuit court (Supp. Rev. St. U. S. p. 561), contains this provision:

"Provided, that, should the district attorney neglect or refuse to file the plea, answer, demurrer or defense as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises, but the plaintiff shall not have judgment or decree for his claim or any part thereof unless he shall establish the same by proof satisfactory to the court."

Perhaps, under the provisions of this statute, the court is called upon to examine into the evidence presented in the case. The matter under consideration is the second claim, and, if the United States had a defense to the same, the answer does not present it. Certain letters from the departments of the general government are presented in evidence, for the consideration of the court, as bearing upon the issues presented. On the 10th of February, 1891, the United States attorney general wrote to District Attorney Weed:

"On the 26th ultimo you ask for the appointment of an assistant attorney at a compensation to be allowed from the emoluments of your office in excess of your maximum. Whenever an appointment is made in the manner mentioned, it is a difficult matter to get a settlement through the accounting officers of the treasury. The better way seems to be that you appoint a person for the discharging of clerical services in your office at a compensation not exceeding $1,500; such person to be an attorney at law, who can assist you in the court. If you are willing to appoint Mr. McDonald, his appointment as an assistant is authorized upon the further condition that he is to understand that he can have no account against the United States for services, but is to look exclusively to you for compensation."

This letter seems to have been the one acted upon, and under which plaintiff was appointed a clerk for Mr. Weed on the 12th day of March, 1891. Under this appointment, from the allegations in the petition, it appears petitioner served as clerk up to the 31st day of December, 1891. It was suggested when this case was presented to the court that this letter shows that the services plaintiff rendered as clerk was to be paid by District Attorney Weed. I do not think that is a proper construction of that letter. There is a difference between an assistant to a district attorney and one performing clerical work for such an attorney. From the language used in section 363, Rev. St., it would appear that, when an additional attorney for the United States is employed, he should be termed an "assistant to the district attorney," or an "assistant district attorney." If the attorney general understood when he suggested that the district attorney should employ some one to do clerical services that he should be his assistant attorney, he would not have suggested that he pay him $1,500 a year, and take it out of his own salary. If the district attorney was to engage an assistant, and pay him out of his own salary, the attorney general would have left the salary for this assistant to be fixed by the district attorney himself. I have presented this view of the said letter of the attorney general because I may wish to refer to it hereafter.

In regard to the appointment of plaintiff for the year 1892 as a clerk, there is no evidence that Mr. Weed gave him this appointment. It is alleged that he was appointed both by the attorney general

and Mr. Weed. On March 30, 1892, plaintiff was appointed an assistant to the district attorney, district of Montana. In the letter making this appointment, the attorney general says:

"This appointment is in lieu of the one dated December 1st, 1891, which is hereby revoked, as are also all other appointments, and letters authorizing the payment to you of extra compensation."

The letter appointing plaintiff on December 1, 1891, is not in the record. Whatever authority District Attorney Weed had to appoint plaintiff to a clerical position by virtue of the letter of March 30, 1891, was hereby revoked. That this was the understanding, I think, fully appears from a letter from the attorney general dated May 5, 1892. In this he says:

"In answer to your application of April 22, 1892, you will place this letter in the hands of the United States attorney, E. D. Weed, as his authority for allowing you compensation per annum of $800, beginning with January 1, 1892, for services rendered to him as a clerk in his office, payable from the emoluments of the district attorney."

Whether or not District Attorney Weed made him this allowance does not appear in the petition, and it does not appear from any accounts in evidence presented to the auditor's department of the general government. The claim seems to have been made for $1,500 for clerk hire for plaintiff in District Attorney Weed's accounts for 1892. But there was evidently no authority shown for appointing plaintiff clerk for that year at that salary, received from the attorney general.

It appears from the reports from the treasury department (comptroller's office) that plaintiff presented claims for allowance in the United States district attorney's office for both the years 1891 and 1892. It would appear from a letter from the first comptroller that the vouchers furnished by the said District Attorney Weed for these years from plaintiff was for an assistant to the said district attorney. It is evident from this letter that plaintiff and District Attorney Weed considered this a mistake. Considering the first claim for $1,237, there is an implied authority in the letter of March 30, 1891, given to Mr. Weed, as United States district attorney, to appoint plaintiff his clerk at a salary of $1,500 per year. Whether that letter, however, gives this authority or not, it is admitted in the pleadings, by the answer of the United States, that he was appointed under such authority, and served under that appointment up to December 31, 1891. In the case of U. S. v. McDaniel, 7 Pet. 1, the supreme court said:

"It is insisted that, as there was no law which authorized the appointment of the defendant, his services can constitute no legal claim for compensation, though it might authorize the equitable interposition of the legislature. That usage, without law or against law, can never lay the foundation of a legal claim, and none other can be set off against a demand by the government. A practical knowledge of the action of every one of the great departments of the government must convince every person that the head of a department, in the distribution of its duties and responsibilities, is often compelled to exercise this discretion. He is limited in the exercise of its powers by the law, but it does not follow that he must show a statutory provision for everything he does. No government could be administered on such principles."

It is evident from the views expressed throughout this decision that the attorney general had the right to authorize District Attorney Weed to employ plaintiff as a clerk, and that, he having done so under such authority, plaintiff is entitled to the compensation provided in the employment. It is admitted that had the said district attorney employed plaintiff as an assistant attorney, under the terms of said letter, plaintiff would have had to look to Mr. Weed for the payment for his services. If plaintiff had brought his second claim within the authority conveyed in the letter of May 5, 1892, then this court might be called upon to determine whether or not he was entitled to the same, considering the provisions of section 1765, Rev. St. In construing this very statute, Chief Justice Taney, in the case of Converse v. U. S., 21 How. 463, said (referring to the acts of congress which are embodied in said section 1765):

"But they can, by no fair interpretation, be held to embrace an employment which has no affinity or connection, either in its character, or by law or usage, with the line of its official duty, and where the service to be performed is of a different character and for a different place, and the amount of compensation regulated by law."

This language was referred to in the case of U. S. v. King, 147 U. S. 680, 13 Sup. Ct. 439, and recognized as the position of the supreme court on this point.

If this matter had been properly presented to the court, it would have had to determine whether or not the duties of a clerk in a United States district attorney's office had any affinity or connection, either in its character, or by law or usage, with that of an assistant to a United States district attorney. It is a question not free from difficulty. There are some duties, undoubtedly, expected of and demanded of a clerk in a lawyer's office that it would not be expected a mere assistant attorney would undertake. It is apparent, however, from the letter of the attorney general, which seems to have been the authority under which it is claimed plaintiff was appointed clerk for the said district attorney, that it was expected that plaintiff would, to some extent, perform the services of an assistant to District Attorney Weed. There seems to be a claim that, for whatever plaintiff is entitled to, he can be paid only out of the emoluments of District Attorney Weed's office, and, there not being emoluments to pay him, after paying District Attorney Weed his maximum allowance and other items charged in his account, owing to the disallowance of certain items in said district attorney's accounts, he cannot recover. This does not appear to have been the contract with plaintiff. Neither the petition nor answer set up any such contract. If there was any such contract, the claim of plaintiff for services should not have been disallowed, without any conditions. There was some $2,010 of suspended items in the account of District Attorney Weed, which might in time be allowed. Some of the suspended or disallowed charges, as a matter of law, Mr. Weed might be entitled to. What he claimed as gross emoluments was $9,687.80 for the year 1891. This more than covered all charges he made for expenses. For the year 1892, plaintiff was paid a salary of $1,200 per annum as assistant to the district attorney.

The court finds as follows:

First. That from the 12th of March, 1891, to the 31st day of December, 1891, plaintiff performed services for the United States, as clerk in the office of the United States district attorney for the district of Montana; that he was employed to perform said services for the United States by E. D. Weed, the United States district attorney for the district of Montana, and his salary was fixed at $1,500 per annum; that said Weed was duly authorized to so employ plaintiff at said salary.

Second. That plaintiff was not employed in said capacity as a clerk after December 31, 1891, by said Weed, under any authority from the attorney general of the United States.

As a conclusion of law, I find that plaintiff is entitled to a judgment against the United States for the sum of $1,237.50.